Jermaine REESE, Plaintiff,

v.

Richard GARCIA, et al., Defendants.

No. 3:99CV1436 (GLG).

United States District Court, D. Connecticut.

Sept. 29, 1999.

Gary A. Mastronardi, Bridgeport, CT, Matthew J. Broder, Law Firm Of Gary A. Mastronardi, Bridgeport, CT, for Plaintiff.

Stephen Richard Sarnoski, Attorney General's Office, Public Safety & Special Revenue, Hartford, CT, for Defendants.

### MEMORANDUM DECISION

GOETTEL, District Judge.

Defendants move to dismiss the action in certain respects. The motion (**Doc. No. 6**) is **GRANTED IN PART AND DENIED IN PART.**

Since there are rather broad discussions in both the moving papers and the opposing papers concerning various issues, it is important to note the rather limited requests of the motion to dismiss.

a. To the extent that the defendants are sued for money damages in their official ·capacities, this lawsuit violates the U.S. Constitution and the Eleventh Amendment thereto;

b. This lawsuit must be dismissed against the defendants in their individual capacities for lack of personal jurisdiction; and

c. To the extent that this lawsuit alleges negligence on the part of the defendants, they are immune from liability pursuant to the doctrine of sovereign immunity.

### ACTION AGAINST THE DEFENDANTS IN THEIR OFFICIAL CAPACITIES

The defendants are New York State troopers. They were responsible for obtaining a warrant for the arrest of the plaintiff which led to his trial on charges of murder for which he was acquitted. The complaint contains four causes of action, the first for malicious prosecution/false arrest; the second for intentional infliction of emotional distress; the third for a civil rights violation under 42 U.S.C. § 1983 and the fourth for negligence.

Suits against state officials in their official capacities are suits brought against the state. *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); *Pennhurst v. Halderman*, 465 U.S. 89, 102, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). A state official is immune from suits in federal court for actions taken in an official capacity. *Smith v. Reeves*, 178 U.S. 436, 20 S.Ct. 919, 44 L.Ed. 1140 (1900).

Plaintiff argues that they are also sued in their individual capacities, which is true. That, however, does not alter the fact that to the extent that they are sued in their official capacities this violates the United States Constitution ·and the doctrine of sovereign immunity. Therefore, to the limited extent that this motion seeks to dismiss claims made against defendants in their official capacities, but not in their individual capacities, the motion is granted.

### LACK OF PERSONAL JURISDICTION

At the time this motion was filed the defendants had not been personally served with process. Defendants acknowledged that the time for service had not expired. The opposing papers state that they have now been individually served.

No replying papers have been filed. Consequently, the second ground for dismissing the action is denied.

## NEGLIGENCE CLAIM AGAINST THE DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES

Although plaintiff understands that this argument pertains only to the fourth count, he argues more broadly on the issue.

 Connecticut has waived its sovereign immunity in certain limited circumstances. Connecticut General Statute § 4–165 provides that state officers and employees shall not be liable for accidental damage or injury in discharge of their duties within the scope of their employment but that such claims shall be against the state. However, in order to sue the state pursuant to Connecticut General Statute § 4–160 it is necessary to make a filing with the state claims commissioner who must then authorize the bringing of such a suit in the state courts. No such permission has been received here. The State of Connecticut has not waived its sovereign immunity to permit itself to be sued for the negligence of its employees in a federal court.

Plaintiff argues that, since section 5–141d of the Connecticut General Statutes provides that the state will indemnify its employees for losses arising out of negligence claims or deprivation of a person's civil rights and will provide for their defense in actions in state and federal court arising out of such acts, the state has therefore consented to be sued in federal court. That argument is a non sequitur. Not only does the statute relate both to negligence and to civil rights suits (which can be brought in the federal court) but the fact that the state will defend an employee who is sued does not indicate that it consents to the bringing of negligence suits in the federal court. Consequently the motion is granted with respect to the fourth count in the complaint.

## CONCLUSION

The fourth count of the complaint is dismissed. Those portions of the first three counts which allege claims against the defendants in their official capacities as state troopers are also dismissed. In all other respects the motion is denied.